■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WALTER SHULTS, Appellant, v. HAROLD W. FOLLETTE, as Warden of Green Haven Prison, Respondent.— Judgment of the Supreme Court, Dutchess County, dated March 27, 1967, which dismissed a writ of habeas corpus, affirmed, without costs. Former section 335-b (now § 335-c) of the Code of Criminal Procedure, prior to its 1963 amendment (L. 1963, ch. 578, eff. Sept. 1, 1963), stated that the court must, "upon the arraignment of the defendant and before accepting a plea", advise the defendant of the effect of prior felony convictions upon his sentence. While we do not agree that the presumption of regularity would control where, as here, the relator did not testify at the hearing in a habeas corpus proceeding due to a mistake to which both attorneys and the court were parties, nevertheless had the allegations of the instant application been sustained no relief could be granted. It is undisputed that the requisite warning was given prior to entry of relator's first guilty plea. "The purpose of the statute * * * [being] to afford an accused the opportunity of deciding whether to plead guilty, knowing he runs the risk of a more severe sentence, or to deny guilt and stand trial" (*People ex rel. Colan* v. *La Vallee,* 14 N Y 2d 83, 86), the statute was satisfied, as the warning had been given at the critical time — prior to the entry of the first guilty plea. Having already decided, with full knowledge of the risks therein, not to stand trial but to plead guilty, no risk attendant upon the change of the existing guilty plea to one of guilty to a lesser crime remained to which a warning would have alerted relator. Therefore, under the circumstances, omission of the warning was not prejudicial. Rabin, Benjamin and Munder, JJ., concur; Brennan, Acting P. J., and Hopkins, J., dissent and vote to reverse the judgment and to remit the case to

the County Court, Nassau County, for rearraignment and repleading, on the basis of their dissents in *People ex rel. Butler* v. *Fay* (27 A D 2d 663) and *People ex rel. Gallagher* v. *Follette* (27 A D 2d 664) to the effect that the warning mandated by former section 335-b (now § 335-c) of the Code of Criminal Procedure prior to the 1963 amendment (L. 1963, ch. 578) was required to be given at the time of acceptance of *any* plea.